IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLSTATE NEW JERSEY INSURANCE COMPANY, et al.,<br>Plaintiffs,<br>v.<br>SUMMIT PHARMACY, INC., et al.,<br>Defendants. | Civil Action<br>No. 13-5809 (JBS/KMW)<br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Plaintiffs' motion to remand to New Jersey Superior Court [Docket Item 3], which the Court will deny. The Court finds as follows:

1. On August 8, 2013, Plaintiffs Allstate New Jersey Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate New Jersey Property and Casualty Insurance Company, and Allstate Insurance Company (collectively "Allstate") filed a complaint in New Jersey Superior Court against 31 named Defendants: Summit Pharmacy, Inc.; Jonathan Morton, CEO; Joel Morton, DO; Laurie Meade, COO/president; Apral Jones, pharmacist; Sherri Oxford, pharmacist; Cang Nguyen, pharmacist; Lonny Allis, pharmacist; Mauricio Fabiano, pharmacist; Stephen Persons, pharmacist; Matt Peters, pharmacist; Tien Lai, pharmacist; Jessica Lee; Melissa Fuentes FLAA; William Crane; Jill M. Salajka; Kimberly Bastian; Janine Centenzo; Mataleigh Walling; Libby Fuentes; Ashley Levin;

Meliza Miranda; South Jersey Health and Wellness, LLC; Daniel DePrince, III, DO; Anthony C. Carabasi, DC; Michael Edenzon, DC; Ty Countess; Neurology Pain Associates PC; Neurological Trauma Associates; Russell Abrams, MD; and Keith Preis, MD.[1]

2. Plaintiffs asserted claims under the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, the New Jersey RICO statute, and the New Jersey Insurance Fraud Prevention Act. Plaintiffs sought declaratory judgment and disgorgement of funds for an alleged conspiracy to unlawfully provide prescription services to customers receiving personal injury protection ("PIP") benefits from Allstate. Plaintiffs allege that Defendants "denied Allstate insureds the right to have their prescriptions filled by a pharmacy of the insureds' choice by using pressure, inducement, and subterfuge . . ." to steer them to Defendant Summit Pharmacy. (Compl. ¶ 56.) Plaintiffs also allege that "Defendant Summit provided prescription services to patients of Defendant medical providers in violation of New Jersey and Arizona registration, licensing and medical record requirements." (Compl. ¶ 117.) Plaintiffs sought to recover more than $2,296,074.84. (Compl. ¶ 56.)

3. On August 22, 2013, Plaintiffs filed an Amended Complaint, which included one new Plaintiff, Encompass Insurance

---

[1] Plaintiffs also named fictitious Defendants.

2

Company, and six new Defendants, Summit Testing, Inc.; James Scullin, Board of Director; Charles McWade, Board of Director; Luke O'Brien, Board of Director; Charles G. Avetian, DO; and Leslie Davis, PA.[2]

    4.   On September 27, 2013, eight Defendants filed a notice of removal [Docket Item 1]. The eight Defendants were South Jersey Health and Wellness, LLC; Daniel DePrince, III, DO; Anthony C. Carabasi, DC; Michael Edenzon, DC; Neurology Pain Associates, PC; Neurological Trauma Associates; Russell Abrams, MD; and Keith Preis, MD. These eight Defendants asserted that this Court had both original and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

    5.   On October 25, 2013, Plaintiffs filed a motion to remand [Docket Item 3] arguing that the notice of removal did not include all the named Defendants and did not indicate that all named Defendants consented to removal, thus violating the unanimity rule. Plaintiffs also argued that the notice of removal was not timely because it was filed more than 30 days after service of process in the state court action. Plaintiffs

---

[2] The initial Complaint referenced Mauricio Fabiano and in the Amended Complaint referenced Mauricio Franco. The initial Complaint also referenced Ty Countess and the Amended Complaint referenced Robert Ty Countess. The Court assumes Plaintiffs were referencing the same individuals.

demanded costs and expenses as a result of the eight Defendants' defective removal.

6. On October 29, 2013, Defendants Summit Pharmacy, Inc.; Summit Testing, Inc.; Jonathan Morton, CEO; Joel Morton, DO; Laurie Meade, COO/President; James Scullin, Board of Director; Charles McWade Board of Director; Luke O'Brien, Board of Director; Apral Jones, Pharmacist; Sherri Oxford, Pharmacist; Cang Nguyen, Pharmacist; Lonny Allis, Pharmacist; Mauricio Fabiano, Pharmacist; Stephen Persons, Pharmacist; Matt Peters, Pharmacist; Tien Lai, Pharmacist; Jessica Lee; Melisa Fuentes Flaa; William Crane; Jill M. Salajka; Kimberly Bastian; Janine Centanzo; Nataleigh Walling; Libby Fuentes; Ashley Levin; and Meliza Miranda filed a notice consenting to and joining the removal petition. [Docket Item 4.]

7. Also on October 29, 2013, an amended stipulation [Docket Item 7] was filed showing that Defendant Robert Ty Countess also consented to removal.

8. On October 30, 2013, Plaintiffs filed a reply [Docket Item 8] arguing that the subsequent filing of the untimely notices of consent did not satisfy the unanimity rule and that the notice of removal was still untimely.

9. On October 3, 2013, Plaintiffs filed a second amended complaint in the state court action and added seventeen named

4

Defendants: Jeff Schwartz, pharmacist; Nick Centanzo; Eva Jee; Christopher Virginia; Jessica Starkovich; Phanida Phivilay; Advanced Spine and Pain, LLC; Young J. Lee, MD; Milind D. Patharkar, MD; R. Todd Rinnier, DO; Eileen Manabat, MD; Adaku U. Nwachuku, DO; Chioma Ezeadichie, DO; Tracey Hessert, NP; Kyriaki Sandy Revenidis, APN; Maraynn Mascl, APN; and Ijeoma Menkltl, ANP-BC ("new Defendants"). Plaintiffs asserted, inter alia, their federal RICO claim against the new Defendants.

10. On November 1, 2013, a second notice of removal [Docket Item 9] was filed by Defendants Summit Pharmacy, Summit Testing, and various Summit employees (collectively "Summit Defendants"): Jonathan Morton, CEO; Joel Morton, D.O.; Laurie Meade, COO/President; James Scullin, Board of Director; Charles McWade, Board of Director; Luke O'Brien, Board of Director; Apral Jones, Pharmacist; Sherri Oxford, Pharmacist; Cang Nguyen, Pharmacist; Lonny Allis, Pharmacist; Mauricio Franco, Pharmacist; Stephen Persons, Pharmacist; Matt Peters, Pharmacist; Tien Lai, Pharmacist; Jeff Schwartz, Pharmacist; Jessica Lee; Melisa Fuentes Flaa; William Crane; Jill M. Salajka; Kimberly Bastian; Janine Centanzo; Nataleigh Walling; Libby Fuentes; Ashley Levin; Meliza Miranda; Nick Centanzo; Eva Jee; Christopher Virginia; Jesica Starkovich; and

Phanida Phivilay. Some of these Defendants were named for the first time in Plaintiffs' second amended complaint.

11. The second notice of removal included written consent to removal from all other Defendants [Docket Item 9-7].

12. Defendants argued that even if the first notice of removal was defective or untimely, they "may still remove this case . . . by virtue of Plaintiffs' filing of the Second Amended Complaint and the naming of additional Defendants therein." (Def. 2nd Notice Removal ¶ 17.) Essentially, Defendants asserted that the second amended complaint setting forth federal claims against the new defendants triggered a new thirty-day period for removal for the new defendants.

13. On November 6, 2013, Plaintiffs filed opposition to the second notice of removal. [Docket Item 10.] Plaintiffs again challenged the timeliness of the first notice of removal.

14. Plaintiffs also emphasized that "most of the Summit employees" were served before the Second Amended Complaint was filed and that "[f]rom the time that Summit counsel first advised Plaintiffs' counsel in late August, 2013 that he represented defendant Summit and the Summit individual defendants until October 29, 2013, Summit's counsel took no steps to remove the State Court Action to Federal Court." [Id. at 3.] Plaintiffs argued that, prior to filing the second notice

of removal, "counsel for the Summit defendants gave [Plaintiffs'] counsel every indication that the case would proceed in State Court, including executing a Stipulation Agreement to Extend the Time for filing their Answer in State Court." [Docket Item 10 at 2.] Plaintiffs argued that, absent this stipulation, they would have sought default judgment in state court.

15. Plaintiffs alleged that there may be a conflict of interest between the Summit Pharmacy and its employees, thus casting doubts regarding their shared representation. Plaintiffs argued that doubts regarding the propriety of removal necessitated a remand.

16. On November 17, 2013, the Summit Defendants filed opposition [Docket Item 11] to Plaintiff's motion to remand and responded to the arguments that Plaintiffs raised in their opposition to the second notice of removal. The Summit Defendants asserted that the right to removal is personal to each Defendant.

17. On December 12, 2013, the Summit Defendants filed a motion for leave to file an out of time opposition to Plaintiffs' motion for remand. [Docket Item 13.] They attached another opposition brief arguing that the second notice of removal was proper.

18. The Court will now turn to its analysis. Plaintiffs' motion to remand will be denied because it is moot. The motion to remand responded to the first notice of removal, which was superseded by the second amended complaint and the second notice of removal.

19. The Court will nonetheless address the arguments that Plaintiffs propounded in their opposition to the second notice of removal.

20. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed . . . ." 28 U.S.C. § 1441(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action" and "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(A-B). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009).

21. This action is removable because the Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' federal RICO claims under 18 U.S.C. § 1961, et seq.

22. Even if the first notice of removal was defective and untimely, the second notice of removal was not. The second notice of removal was timely because the second amended complaint was filed on October 3, 2013 and the second notice of removal was filed within thirty days, on November 1, 2013.[3] The new Defendants in the second amended complaint had a right to removal because "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." Delalla v. Hanover Ins., 660 F.3d 180, 185 (3d Cir. 2011).

23. Sharing counsel with previously-served Defendants does not obviate the new Defendants' right to removal. See Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 343 n.6 (D.N.J. 2001) ("The fact that the same counsel . . . represents both Defendants should not affect the timeliness of Defendant Allied's notice of removal . . . the knowledge of counsel should

---

[3] Plaintiffs allege that the Second Amended Complaint was served on October 2, 2013, when Plaintiffs sent it to counsel for Summit Pharmacy and its employees. The Summit Defendants dispute that their attorney's receipt of the Second Amended Complaint constituted service. This dispute is immaterial because the second notice of removal was filed on November 1, 2013, which is within the thirty-day window for removal, even if the thirty days are counted from October 2, 2013.

9

not, as a matter of law, prejudice the later-served defendant . . ."). The right to removal is specific to each defendant, not each attorney.

24. In addition, any delays in the state court action prior to the filing of the second amended complaint do not preclude the new Defendants' right to removal.

25. Plaintiffs have alleged a conflict of interest between Summit Pharmacy and its employees, which may implicate the propriety of shared representation. Even if there were a conflict of interest, it would not obviate the new Defendants' right to removal. Moreover, Plaintiffs have not substantiated this allegation. The Court does not eschew ethical obligations and rules, but unsubstantiated allegations cannot preclude the new Defendants' substantive right to removal.

26. The Court will also deny the Summit Defendants' motion to file out of time opposition [Docket Item 13]. Plaintiff's motion to remand was returnable on November 18, 2013 and opposition was due by November 4, 2013. The Summit Defendants filed a late opposition brief on November 17, 2013 without leave of Court. They now seek permission to file another late brief, which raises many arguments already raised in their previous opposition. The Court will not permit a second, late opposition brief. Moreover, counsel's recounting in this motion of a

conversation with Chambers does not reflect the Court's recollection of that conversation.[4] To avoid such confusion in the future, counsel shall refrain from calling Chambers.

27. Plaintiff's motion to remand and the Summit Defendants' motion for leave to file an out of time opposition are both denied. The Court finds the second removal was both timely and proper. The accompanying Order will be entered.

**December 19, 2013**               **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge

---

[4] Counsel for the Summit Defendants assert that my law clerk informed them that the Court's adjudication of the pending motion to remand was stayed. That is not true. Counsel asked my law clerk whether the Court planned to adjudicate the motion, and she responded that the Court adjudicates every pending motion on its docket. Counsel also told my law clerk that the motion had never been set for a motion day and thus there had been no opposition deadline. She informed counsel that the motion has been set for November 18, 2013, thus making opposition due November 4, 2013. Counsel asked my clerk whether it could file late opposition. She informed counsel that the Court requires counsel requesting extensions to first seek opposing counsel's consent and then to file a letter request on the docket.